IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL T. LEE, #240003, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:15-CV-374-MHT |
| | ) [WO] |
| PRESTON HUGHES, | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on an amended complaint filed by Michael T. Lee ("Lee"), an indigent state inmate. In the complaint, Lee complains that he is improperly incarcerated as his release date should have occurred within 90 days of his arrest on January 3, 2015. *Amended Complaint - Doc. No. 8* at 6.[1] Lee further challenges the conditions of confinement to which he was subjected during his confinement at the Covington County Jail. Lee seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights.

Upon review of the amended complaint, the court concludes that the claim presented by Lee challenging the duration of his confinement is due to be summarily dismissed in

---

[1] Lee advises that the validity of the fugitive warrant made the basis of his arrest "is not the issue here" but, rather, the failure of the defendant to notify the Alabama Board of Pardons and Paroles that he was in custody thereby resulting in his alleged incarceration beyond his release date. *Amended Complaint - Doc. No. 8* at 6.

accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## II.  DISCUSSION

Lee complains that he is improperly incarcerated on a parole revocation decision issued by the Alabama Board of Pardons and Paroles.  Specifically, Lee alleges that upon his arrest in January of 2015 he should have been released after serving ninety (90) days.  This claim clearly goes to the fundamental legality of Lee's current incarceration and, therefore, provides no basis for relief at this time.  *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or term of confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until [the period of incarceration] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  *Heck*, 512 U.S. at 483-89.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his [current incarceration]."  *Id*. at 487; *Balisok*, 520 U.S. at 646-48.  When the plaintiff presents a claim that is inconsistent with the validity of his incarceration, "*Heck* kicks in

---

[2] The court granted Lee leave to proceed *in forma pauperis* in this case.  *Order of June 3, 2015 - Doc. No. 5*.  The complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a claim prior to service of process if it determines that the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646-48).

The law is well settled that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the duration of his confinement. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on his [length of incarceration] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, 520 U.S. at 645. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Ind. Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."). In *Balisok*, the Supreme Court again emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Lee challenges the constitutionality of his confinement with respect to the length of his current incarceration. *Amended Complaint - Court Doc. No. 8* at 6. A judgment in favor of Lee on this claim would necessarily imply the invalidity of the length of his

3

incarceration. It is clear from the complaint that the term of confinement about which the plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack under § 1983 is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).[3]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claim challenging his current term of incarceration be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is not cognizable in the instant civil action.

2. The plaintiff's claims challenging the conditions of confinement at the Covington County Jail be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 30, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The

---

[3] The plaintiff is advised that prior to filing a federal habeas petition, he must properly exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus [filed by a state inmate] shall not be granted unless it appears that - the applicant has exhausted the remedies available in the courts of the [convicting] State[.]").

parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 16th day of June, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE