IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL TYSON LEE, #240003, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:15-CV-374-MHT-GMB |
| ) | |
| PRESTON HUGHES - COVINGTON ) | |
| COUNTY JAIL ADMINISTRATOR, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Michael Tyson Lee ("Lee"), a former inmate, challenging the conditions of confinement to which he was subjected during a previous term of incarceration at the Covington County Jail.

Based on a review of the file and under the circumstances of this case, the court issued an order directing Lee to "advise the court of whether he seeks to proceed on his claims. . . ." *Order of November 17, 2015 - Doc. No. 18*. Lee was specifically advised that his failure to respond to this order would result in the dismissal of this case. *Id*. The time allotted Lee for filing a response in compliance with the directives of this order expired on December 1, 2015. *Id*. As of the present date, Lee has filed no response to the order. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the

proper course of action at this time. Lee is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Lee's inaction in the face of the show cause order indicates a loss of interest in the continued prosecution of this case. It therefore appears that any additional effort by this court to secure Lee's compliance would be unavailing and an inefficient use of this court's limited judicial resources. Consequently, the court concludes that the plaintiff's failure to comply with the orders of this court warrants dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with the orders of this court.

It is further ORDERED that on or before **December 23, 2015** the parties may file objections to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of

justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 9th day of December, 2015.

                    /s/ Gray M. Borden
            UNITED STATES MAGISTRATE JUDGE